F I L E D
United States Court of Appeals
Tenth Circuit

SEP 24 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

THEODORE H. WOOD,

        Petitioner-Appellant,

v.

DONALD A. DORSEY; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

        Respondents-Appellees.

No. 96-2028
(D.C. No. CIV-93-930-HB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Petitioner appeals the district court's denial of habeas relief, see 28 U.S.C.

§ 2254, from his nine-year sentence imposed upon a New Mexico fraud

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction, see N.M. Stat. Ann. § 30-16-6 (Michie 1978). The sole issue presented on appeal is whether the state sentencing judge deprived petitioner of equal protection of the law by giving him a sentence more harsh than those imposed by other judges in the same judicial district upon similarly situated women. Upon de novo review, see Houchin v. Zavaras, 107 F.3d 1465, 1469 (10th Cir. 1997), we affirm.

Petitioner failed to meet his burden of proving that the sentencing judge acted with a discriminatory purpose. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Petitioner did not assert any evidence specific to his case that would support an inference that gender considerations played any part in the calculation of his sentence. See id. at 292-93. Further, his statistics did not rise to the level of the "stark" pattern, see id. at 293, necessary to establish the "exceptionally clear proof" of discriminatory intent required, see id. at 297. See also United States v. Thurmond, 7 F.3d 947, 951-53 (10th Cir. 1993).

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge